UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANFRED SHOCKNER, | No. 2: 18-cv-1948 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. SOLTANIAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. Plaintiff paid the filing fee. On July 20, 2018, the court granted plaintiff thirty days to file an amended complaint. On August 20, 2018, plaintiff filed a first amended complaint.

Named as defendants are Dr. Soltanian, Dr. Smith, Dr. Vaughn, A.W. Cantu, A.W.J. Weiss, Warden Lizaraga, Captain Cherry, Lisa Risharp and S. Buckner.

Plaintiff alleges that he is 77-years-old and suffers from several medical problems including leukocytosis, left femoral vein deep venous thrombosis, status post right total hip replacement, severe tricompartmental degenerative knee disease, hypertension, chronic obstructive pulmonary disease, ulcerative colitis and problems with his left knee. Plaintiff alleges that he suffers from severe and constant pain that is alleviated by specific pain medications, including methadone and Tylenol # 3.

1    Plaintiff alleges that defendant Soltanian stopped his pain medications. Plaintiff alleges

2    that in response to an administrative grievance, defendant Smith agreed with defendant

3    Soltanian's decision to stop plaintiff's pain medication. Plaintiff has stated potentially colorable

4    claims for relief against defendants Soltanian and Smith based on the alleged discontinuation of

5    pain medication.

6    Plaintiff alleges that he was moved to a different yard where defendant Vaughn became

7    his new primary care physician. Plaintiff alleges that at his previous yard, plaintiff purchased an

8    orthopedic mattress with his own money. Plaintiff alleges that upon his transfer to the new yard,

9    the correctional officers in receiving and release told him that to receive his mattress, plaintiff

10   needed a chrono from defendant Vaughn. Plaintiff alleges that defendant Vaughn repeatedly

11   denied plaintiff's request for the chrono authorizing plaintiff to have the mattress that he, himself,

12   had purchased. Plaintiff also alleges that defendant Vaughn removed plaintiff's methadone and

13   replaced it with Tylenol. Plaintiff has stated a potentially colorable claim for relief against

14   defendant Vaughn based on the change in pain medication and refusal to issue the chrono

15   authorizing plaintiff to have his orthopedic mattress.[1]

16   Plaintiff alleges that in response to an administrative grievance, defendant Smith upheld

17   defendant Vaughn's decisions to replace plaintiff's methadone with Tylenol and not to issue the

18   chrono so that plaintiff could have his mattress. Plaintiff has stated a potentially colorable claim

19   for relief against defendant Smith.

20   Plaintiff alleges that defendant Smith is not the only staff in a supervisory position to be

21   notified of the alleged violations. Plaintiff alleges that he sent defendants Cantu, Weiss, Lizaraga,

22   and Cherry CDCR 22 Forms notifying them of these matters. Plaintiff alleges that defendants

23   Lizaraga and Weiss refused to answer the CDCR 22 Forms. Plaintiff alleges that defendant

24   Risharp responded to the CDCR 22 form sent to defendant Cantu. Plaintiff alleges that defendant

25   Buckner responded to the CDCR 22 form sent to defendant Cherry. Plaintiff alleges that

---

[1] In the amended complaint, plaintiff also alleges that defendant Vaughn denied him his *two* personally purchased orthopedic mattresses. If plaintiff files an amended complaint, he shall clarify whether defendant Vaughn denied him one or two mattresses.

defendants Risharp and Buckner "acquiesced" to the alleged deprivations.

A plaintiff may state a claim against a supervisor based on the supervisor's knowledge of, and acquiescence in, unconstitutional conduct by his or her subordinates. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). "There is no respondeat superior liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Liability under Section 1983 is based only on the defendant's individual actions—not vicarious liability. Ashcroft v. Iqbal, 556 U.S. 662, 676–77 (2009); Starr, 652 F.3d at 1207. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Starr, 652 F.3d at 1208 (quoting Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998)). A defendant may be liable as a supervisor "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Id. at 1207 (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

The undersigned is mindful of Jett v. Penner, 439 F.3d 1091, 1096-98 (9th Cir. 2006), where the Ninth Circuit found that evidence of a prisoner's letter to an administrator alerting him to a constitutional violation was sufficient to generate a genuine issue of material fact as to whether the administrator was aware of the violation, even if the administrator denied knowledge, and there was no evidence that the letter was received. However, plaintiff does not describe what he stated in the CDCR 22 Forms allegedly sent to defendants which alerted them to the alleged deprivations. Plaintiff's claim that the CDCR 22 Forms "notified" defendants of the alleged deprivations is not sufficient to state a potentially colorable claim. Accordingly, these claims against defendants Cantu, Weiss, Lizaraga, Cherry, Risharp and Buckner are dismissed with leave to amend. If plaintiff files a second amended complaint naming these defendants, he must specifically describe what information the CDCR 22 Forms contained informing these defendants of the alleged deprivations. Plaintiff shall also describe how defendants Risharp and Buckner responded to the requests made in the forms.

3

Finally, plaintiff alleges that defendants Cantu, Weiss, Lizaraga, Cherry, Risharp and Buckner are responsible for budgetary restrictions and inadequate staffing that led to the inadequate medical care. In support of this claim, plaintiff alleges that the California Department of Corrections and Rehabilitation ("CDCR") fails to provide inmates with medically necessary mattresses due to budget restrictions. However, plaintiff alleges that he was deprived access to the mattress that he purchased himself. Plaintiff does not allege that he was forced to purchase his mattress after defendants refused to provide him with a mattress. Thus, CDCR's alleged failure to provide medically necessary mattresses to inmates due to budgetary restrictions appears unrelated to the claims made against defendants. Accordingly, this claim is dismissed.

Plaintiff also alleges that inadequate staffing led to the alleged deprivations. However, plaintiff does not specifically describe how inadequate staffing caused defendants to change and discontinue his pain medication. Plaintiff also does not describe how inadequate staffing caused defendant Vaughn to refuse to issue the chrono authorizing plaintiff to possess his medically necessary mattress. Accordingly, this claim is dismissed.

Plaintiff may proceed forthwith to serve defendants Smith, Soltanian and Vaughn and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants Cantu, Weiss, Lizaraga, Cherry, Risharp and Buckner.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Cantu, Weiss, Lizaraga, Cherry, Risharp and Buckner, he has thirty days in which to do so. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Smith, Soltanian and Vaughn, he shall inform the court within thirty days. Following receipt of this notification, the court will issue instructions to plaintiff regarding how to effect service of defendants Smith, Soltanian and Vaughn. In this event the court will construe plaintiff's notice as consent to dismissal of all claims against defendants Cantu, Weiss, Lizaraga, Cherry, Risharp and Buckner without prejudice.

////

A second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In a second amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged

constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."

Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. Claims against defendants Cantu, Weiss, Lizaraga, Cherry, Risharp and Buckner are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

2. The allegations in the amended complaint are sufficient at least to state potentially cognizable claims against defendants Smith, Soltanian and Vaughn. See 28 U.S.C. § 1915A. If plaintiff elects to proceed with the amended complaint against defendants Smith, Soltanian and Vaughn, he shall file a notice with the court within thirty days stating his intent to proceed against these defendants.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 30, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Shock1948.ame

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANFRED SHOCKNER,<br><br>        Plaintiff,<br><br>   v.<br><br>DR. SOLTANIAN, et al.,<br><br>        Defendants. | No. 2: 18-cv-1948 KJN P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

Plaintiff consents to proceed with the amended complaint as to defendants Smith, Soltanian and Vaughn; plaintiff consents to the dismissal of defendants Cantu, Weiss, Lizaraga, Cherry, Risharp and Buckner without prejudice.

_____.

    OR

_____ Plaintiff opts to file a second amended complaint.

DATED:

                                        _____
                                        Plaintiff