UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANFRED SHOCKNER, | No. 2:18-cv-1948 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. SOLTANIAN, et al., | |
| Defendants. | |

Pending before the court is plaintiff's third motion for an extension of time to file a second amended complaint. (ECF No. 15.) Plaintiff also filed a motion to compel prison officials to provide him with access to his legal property. (Id.) The background to the motion to compel follows herein.

When plaintiff filed the original complaint on June 28, 2018, he was housed at Mule Creek State Prison ("MCSP). (ECF No. 1.) Plaintiff was still housed at MCSP when he filed the first amended complaint on August 20, 2018. (ECF No. 8.) On August 31, 2018, the undersigned granted plaintiff thirty days to file a second amended complaint. (ECF No. 9.)

On August 31, 2018, plaintiff was transferred from MCSP to California State Prison-Corcoran ("Corcoran"). (ECF No. 10 at 1.) On October 4, 2018, plaintiff filed a motion for extension of time to file a second amended complaint stating that he had been transferred to Valley State Prison ("VSP"), where he is currently housed. (ECF No. 11.) In the October 4,

2018 motion for extension of time, plaintiff also alleged that he had not received his legal property following his transfers. (Id.) Plaintiff requested that the court compel prison officials to return his legal property. (Id.)

On November 27, 2018, the undersigned denied plaintiff's October 4, 2018 motion to compel without prejudice because it was likely plaintiff had received his legal property. (ECF No. 14.) The undersigned stated that if plaintiff had not received his legal property at the time he received the November 27, 2018 order, he could re-file his motion to compel. (Id.)

On December 13, 2018, plaintiff filed the pending motion to compel. (ECF No. 15.) In this motion, plaintiff alleges that he now has limited access to several boxes of his legal property. However, plaintiff alleges that three boxes of his legal property are now held at Salinas Valley State Prison ("SVSP). Plaintiff alleges that he has repeatedly requested access to this property held at SVSP without success.

As discussed above, when plaintiff filed his complaint on June 28, 2018, he was housed at MCSP. Plaintiff was then transferred to Corcoran and VSP. At no time during this action was plaintiff housed at SVSP. Plaintiff does not explain why three boxes of his legal property are located at SVSP. In addition, it appears that plaintiff did not have access to the legal property now located at SVSP when he prepared the original and first amended complaints.

Plaintiff does not explain why he requires access to the three boxes of legal property located at SVSP to prepare the second amended complaint. Plaintiff also does not describe, or offer evidence of, his alleged repeated requests to obtain the three boxes of legal property located at SVSP.

No defendants have been served. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir.1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court

plenary power to act in any way it wishes; rather the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir.1979).

To require prison officials to respond to plaintiff's motion to compel, the undersigned would have to invoke the All Writs Act. However, the present record does not sufficiently demonstrate that the court will lose jurisdiction if the All Writs Act is not invoked, because it is not clear that plaintiff requires access to the three boxes of legal property located at SVSP in order to prepare the second amended complaint. In addition, plaintiff has not provided sufficient evidence of his own attempts to obtain access to this property. For these reasons, plaintiff is ordered to provide further briefing in support of his motion to compel.

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order, plaintiff shall file further briefing addressing 1) why he requires access to the three boxes of legal property located at SVSP to prepare the second amended complaint; and 2) his attempts to obtain access to the three boxes of legal property located at SVSP, including dates of his requests and responses to his requests from prison officials.

Dated: December 19, 2018

shoc1948.36.sec

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3