UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANFRED SHOCKNER, | No. 2: 18-cv-1948 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. SOLTANIAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee.

Pending before the court is plaintiff's second amended complaint filed December 26, 2018. (ECF No. 17.) Also pending is plaintiff's motion to compel and motion for extension of time to file a second amended complaint, filed December 13, 2018. (ECF No. 15.) The undersigned first addresses the motion to compel and motion for extension of time.

Motion to Compel and Motion for Extension of Time

In the motion to compel, plaintiff alleged that he had limited access to his legal property. Plaintiff also alleged that three of his boxes of legal property were held at Salinas Valley State Prison ("SVSP"). Plaintiff is currently housed at Valley State Prison ("VSP"). In the motion to compel, plaintiff alleged that he repeatedly requested access to his legal property held at SVSP without success. Plaintiff requested that the court order prison officials at SVSP to return his

1

legal property. Plaintiff requested an extension of time to file his second amended complaint until he had access to all of his legal property.

On December 19, 2018, the undersigned ordered plaintiff to file further briefing in support of the motion to compel. (ECF No. 16.) The undersigned ordered plaintiff to address 1) why he required access to his legal property located at SVSP to prepare the second amended complaint, and 2) his attempts to obtain access to his legal property located at SVSP.

On December 26, 2018, plaintiff filed the second amended complaint. Accordingly, the motion to compel and motion for extension of time to file an amended complaint are denied as moot.

Second Amended Complaint

Named as defendants are Dr. Soltanian, Dr. Smith, Dr. Vaughn, A.W. Cantu, A.W. J. Weiss, Captain Cherry, Lisa Risharp, S. Buckner and W. Lizarraga.

Plaintiff alleges that defendants Soltanian, Smith and Vaughn provided him with inadequate medical care in violation of the Eighth Amendment. The second amended complaint states potentially colorable claims for relief against defendants Soltanian, Smith and Vaughn pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Plaintiff alleges that he sent defendant Warden Lizarraga a Form 22 through the mail. Plaintiff alleges that defendant Lizarraga did not respond to the form. A Form 22 is also known as a Request for Interview. See Brandon v. Khalil, 2018 WL 5980141 at *2 (E.C. Cal. 2018).

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" Peralta v. Dillard, 744 F.3d 1076, 1081-82 (2014) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or

2

safety.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Whitley, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference. Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cr. 2012) (quoting Jett, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060.

In Jett v. Penner, 439 F.3d 1091 (9th Cir. 2006), the plaintiff alleged that he sent the defendant Warden a letter specifically describing the alleged inadequate medical care: "In February, Mr. Jett wrote a letter to Warden Pliler to tell her that, even though he had put in medical slips, he had not received a cast for his fractured hand." 439 F.3d at 1095. The Ninth Circuit found that these allegations were sufficient to create a disputed material fact at the summary judgment stage:

> As prison administrators, Dr. Peterson and Cheryl Pliler are liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help. See Estelle, 429 U.S. at 104; Greeno v. Daley, 414 F.3d 645, 652–53 (7th Cir. 2005). In answers to interrogatories, both individuals advised that they were not aware of Mr. Jett's condition until the lawsuit. However, Mr. Jett is entitled to an inference at the summary judgment stage that Dr. Peterson and Warden Pliler received the letters he swore he sent to them. See Moore, 123 F.3d at 1087 (finding a triable issue of fact existed as to whether the administrator of the correctional facility received the letter sent by the inmate, which the administrator denied receiving).

439 F.3d at 1098.

In the instant case, plaintiff does not allege when he sent the Form 22 to defendant Warden Lizarraga. More importantly, plaintiff does not allege what he wrote in the Form 22. Without knowing what plaintiff wrote in the Form 22, the undersigned cannot find that defendant Lizzaraga acted with deliberate indifference when he allegedly disregarded the form. For these reasons, the undersigned finds that plaintiff has not stated a potentially colorable claim for relief against defendant Lizarraga.

3

Plaintiff alleges that he sent defendant Captain Cherry a Form 22 on March 31, 2015. Plaintiff alleges that on April 2, 2015, defendant Buckner responded to the form by writing, "If you disagree with your medical treatment, you have the ability to file a HC 602."

Plaintiff alleges that he sent defendant Weiss a Form 22 on May 15, 2018. On May 21, 2018, defendant Risharp responded to this form by writing, "your issue must be addressed through medical; you are advised to submit a 7362 to be seen by medical staff, if needed."

Plaintiff alleges that on May 15, 2018, he sent defendant Cantu a Form 22. On June 1, 2018, defendant Risharp provided the same response as given to the Form 22 submitted to defendant Weiss.

Plaintiff does not allege what he wrote in the Form 22s sent to defendants Cherry, Weiss and Cantu, and responded to by defendants Buckner and Risharp. Without knowing what plaintiff wrote in the forms, the undersigned cannot determine whether defendants acted with deliberate indifference in how they responded to the Form 22s. In addition, plaintiff does not allege why the responses to his Forms 22s were wrong, i.e., why wasn't it appropriate for him to raise his concerns regarding alleged inadequate medical care in an HC602 or a 7362 form?

Plaintiff also does not discuss whether he filed a HC602 or a 7362 form requesting adequate medical care after receiving the responses to his Form 22s and, if so, what response he received to these forms. Without knowing this information, the undersigned is unable to determine whether plaintiff has stated a potentially colorable claim for deliberate indifference against these defendants.

Plaintiff also alleges that all defendants conspired to violate his right to adequate medical care. A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective

of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has pled no facts demonstrating that all defendants conspired to violate his Eighth Amendment right to adequate medical care. Plaintiff alleges no facts demonstrating a "meeting of the minds" by defendants to violate his constitutional rights. It is not reasonable to infer that the defendants who responded to plaintiff's Form 22s by advising plaintiff to file HC602 or 7362 forms conspired with Soltanian, Smith and Vaughn, against whom plaintiff has stated potentially colorable Eighth Amendment claims, to deprive plaintiff of constitutionally adequate medical care.

For the reasons discussed above, the undersigned finds that plaintiff has not stated potentially colorable claims against defendants Cantu, Weiss, Cherry, Risharp, Buckner and Lizarraga. The undersigned separately recommends that these defendants be dismissed.

<u>Service of Defendants Soltanian, Smith and Vaughn</u>

Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within sixty days from the date of this order.[1] Plaintiff shall serve a copy of this order on each defendant together with a summons and a copy of the complaint. Within 120 days from the date of this order, plaintiff and defendants shall each submit to the court and serve by mail on all other parties the following status report:

1. Whether this matter is ready for trial and, if not, why not;

2. Whether additional discovery is deemed necessary. If further discovery is deemed necessary, the party desiring it shall state the nature and scope of the discovery and provide an estimate of the time needed in which to complete it;

3. Whether a pretrial motion is contemplated. If any such motion is contemplated, the party intending to file it shall describe the type of motion and shall state the time needed to file the motion and to complete the time schedule set forth in Local Rule 230(l);

4. A narrative statement of the facts that will be offered by oral or documentary evidence at trial;

---

[1] Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 90 days from the date the complaint was filed. See Fed. R. Civ. P. 4(m).

5. A list of all exhibits to be offered into evidence at the trial of the case;

6. A list of the names and addresses of all witnesses the party intends to call;

7. A summary of the anticipated testimony of any witnesses who are presently incarcerated;

8. The time estimated for trial;

9. Whether either party still requests trial by jury; and

10. Any other matter, not covered above, which the party desires to call to the attention of the court.

In addition, plaintiff shall inform the court in his status report of the date and manner of service of process.

The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Circuit Court of Appeals. An appropriate form for consent to trial by a magistrate judge is attached. Any party choosing to consent may complete the form and return it to the clerk of this court. Neither the magistrate judge nor the district judge handling the case will be notified of the filing of a consent form unless all parties to the action have consented.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel and motion for extension of time (ECF No. 15) are denied;

2. The Clerk of the Court is directed to issue and send plaintiff 3 summonses, for defendants Soltanian, Smith and Vaughn. The Clerk shall also send plaintiff four copies of the form Consent to Proceed Before United States Magistrate Judge with this order.

3. Plaintiff shall complete service of process on the defendants within sixty days from the date of this order. Plaintiff shall serve a copy of this order and a copy of the form Consent to Proceed Before United States Magistrate Judge on each defendant at the time the summons and complaint are served.

4. Defendants shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

5. Plaintiff's status report shall be filed within ninety days from the date of this order. Defendants' status report shall be filed within thirty days thereafter. The parties are advised that failure to file a status report in accordance with this order may result in the imposition of sanctions, including dismissal of the action and preclusion of issues or witnesses.

6. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l). Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion. See L.R. 230(l). Opposition to all other motions need be filed only as directed by the court.

7. If plaintiff is released from prison while this case is pending, any party may request application of the other provisions of L.R. 230 in lieu of L.R. 230(l). Until such a motion is granted, L.R. 230(l) will govern all motions described in #6 above regardless of plaintiff's custodial status. See L.R. 102(d).

8. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in

this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d). If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

9. If defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached Rand Notice. See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). **Failure to do so may constitute grounds for denial of the motion.**

10. On April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Following the decision in Albino, a defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the amended complaint, or (2) a motion for summary judgment. Albino, 747 F.3d at 1166, 1169-70 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Albino, 747 F.3d at 1168. The court encourages defendant to bring motions raising exhaustion issues early in the case. Id. at 1170-71.

11. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

12. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported

promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective. See L.R. 182(f). A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

13. The Clerk of the Court shall serve on plaintiff a copy of the Local Rules of Court.

14. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).

Dated: January 17, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Shock1948.ame(2)

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[2] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[2] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).