1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MANFRED SHOCKNER,                          No.  2:18-cv-1948 TLN KJN P

12              Plaintiff,

13        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   DR. SOLTANIAN, et al.,

15              Defendants.

16

17   I.  Introduction

18        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

19   under 42 U.S.C. § 1983.  Plaintiff paid the filing fee.  Plaintiff alleges violations of his Eighth

20   Amendment right to adequate medical care.  On January 18, 2019, the undersigned ordered

21   service of the second amended complaint on defendants Soltanian, Smith and Vaughn.  (ECF No.

22   22.)  On January 18, 2019, the undersigned recommended that defendants Cantu, Weiss, Cherry,

23   Risharp, Buckner and Lizarraga be dismissed.  (ECF No. 24.)  Plaintiff filed objections to the

24   findings and recommendations.

25        After reviewing plaintiff's objections, the undersigned still finds that defendants Cantu,

26   Weiss, Cherry, Risharp, Buckner and Lizarraga should be dismissed.  However, the undersigned

27   finds that this recommendation requires a discussion of plaintiff's objections.  Accordingly, the

28   January 18, 2019 findings and recommendations are vacated.  For the reasons stated herein, the

                                                1

undersigned again recommends dismissal of defendants Cantu, Weiss, Cherry, Risharp, Buckner and Lizarraga.

II. Plaintiff's Objections

On February 15, 2019, inmate Danny R. Garcia submitted objections to the January 18, 2019 findings and recommendations, on plaintiff's behalf. (ECF No. 25.) Plaintiff did not sign the objections. On February 27, 2019, the undersigned issued an order finding that inmate Garcia was not authorized to submit pleadings on plaintiff's behalf. (ECF No. 27.) Plaintiff is required to sign all pleadings. (Id.) On February 27, 2019, the undersigned ordered the objections filed February 15, 2019 by inmate Garcia disregarded and granted plaintiff thirty days to file objections signed by plaintiff. (Id.)

On March 21, 2019, plaintiff filed his own objections. (ECF No. 28.) Plaintiff requests that the court accept the objections filed by inmate Garcia as plaintiff's objections. (Id.)

In his objections, inmate Garcia states that he assisted plaintiff with this action, but plaintiff was transferred away from the prison where inmate Garcia is housed. (ECF No. 25.) Inmate Garcia states that he, inmate Garcia, possesses CDCR Form 22s relevant to this action which are attached as exhibits to the objections.[1] (Id.) Inmate Garcia's objections do not include any briefing regarding the merits of plaintiff's claims, but instead appear to be based on the CDCR Form 22s attached as exhibits.

Good cause appearing, the undersigned herein considers the CDCR Form 22s attached to inmate Garcia's objections. Plaintiff is again reminded that plaintiff must sign all pleadings filed on his behalf. Inmate Garcia is not authorized to represent plaintiff in this action.

III. Relevant Legal Standard

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton

---

[1] A Form 22 is also known as a Request for Interview. See Brandon v. Khalil, 2018 WL 5980141 at *2 (E.C. Cal. 2018).

infliction of pain.""" <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1081-82 (2014) (quoting <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u> by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994) (quoting <u>Whitley</u>, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Id.</u>, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference. <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cr. 2012) (quoting <u>Jett</u>, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." <u>Jett</u>, 439 F.3d at 1096, citing <u>McGuckin</u>, 974 F.2d at 1060.

IV. <u>Discussion</u>

A. <u>Claims Found Potentially Colorable in January 18, 2019 Order</u>

On January 18, 2019, the undersigned issued an order screening plaintiff's second amended complaint filed December 26, 2018. (ECF No. 22.) The undersigned found that plaintiff stated potentially colorable claims for relief against defendants Soltanian, Smith and Vaughn. (<u>Id.</u> at 2.)

In the second amended complaint, plaintiff alleged that defendant Soltanian reduced his pain medication. (ECF No. 17 at 3.) Plaintiff alleged that defendant Smith approved defendant Soltanian's decision to reduce plaintiff's pain medication when he reviewed plaintiff's administrative grievance. (<u>Id.</u>) Plaintiff alleged that defendant Vaughn refused to allow plaintiff to have an orthopedic mattress, that plaintiff had purchased. (<u>Id.</u> at 4-5.) Plaintiff also alleged that defendant Smith approved defendant Vaughn's decision to replace plaintiff's methadone with Tylenol and not to renew plaintiff's chrono so that plaintiff could have his orthopedic mattress.

3

(Id. at 5.)

B. Claims Found Not Potentially Colorable in January 18, 2019 Order

In the January 18, 2019 order, the undersigned found that plaintiff did not state potentially colorable claims for relief against defendants Cantu, Weiss, Cherry, Risharp, Buckner and Lizarraga. (ECF No. 22.) The undersigned separately recommended dismissal of these defendants. (ECF No. 24.)

In the second amended complaint, plaintiff alleged that he sent defendant Warden Lizarraga a CDCR Form 22 through the mail. (ECF No. 22 at 2.) Plaintiff alleged that defendant Warden Lizarraga did not respond to the CDCR Form 22. (Id.) The undersigned recommended that the claims against defendant Lizarraga be dismissed because plaintiff did not allege when he sent the CDCR Form 22 or what he wrote in the CDCR Form 22 addressed to defendant Lizarraga. (Id. at 3.)

In the second amended complaint, plaintiff alleged that he sent defendant Cherry a CDCR Form 22 on March 31, 2015. (Id. at 4.) Plaintiff alleged that on April 2, 2015, defendant Buckner responded to the form by writing, "If you disagree with your medical treatment, you have the ability to file a HC 602." (Id.)

In the second amended complaint, plaintiff alleged that he sent defendant Weiss a CDCR Form 22 on May 15, 2018. (Id.) On May 21, 2018, defendant Risharp responded to this form by writing, "your medical issue must be addressed through medical; you are advised to submit a 7362 to be seen by medical staff, if needed." (Id.)

In the second amended complaint, plaintiff alleged that on May 15, 2018, he sent defendant Cantu a CDCR Form 22. (Id.) On June 1, 2018, defendant Risharp provided the same response as given to the CDCR Form 22 submitted to defendant Weiss. (Id.)

The undersigned recommended that the claims against defendants Cantu, Weiss, Cherry, Risharp and Buckner be dismissed because plaintiff did not allege what he wrote in the CDCR Form 22s sent to defendants Cherry, Weiss and Cantu, and responded to by defendants Buckner and Risharp. (Id.) The undersigned stated that without knowing what plaintiff wrote in the forms, he could not determine whether defendants acted with deliberate indifference in how they

4

responded to the CDCR Forms 22s.  (Id.)  In addition, plaintiff did not allege why the responses to his CDCR Form 22s were wrong, i.e., why was it not appropriate for him to raise his concerns regarding alleged inadequate medical care in an HC602 or a 7362 form?  (Id.)

The undersigned also found that plaintiff failed to discuss whether he filed a HC602 or a 7362 form requesting adequate medical care after receiving the responses to his CDCR Form 22s and, if so, what response he received to these forms.  (Id.)  The undersigned found that without knowing this information, the undersigned was unable to determine whether plaintiff stated potentially colorable claims for deliberate indifference against these defendants.  (Id.)

C.  Plaintiff's Objections

As discussed above, attached to the objections filed by inmate Garcia are CDCR 22 Forms.  Plaintiff's objections are based on these forms.  Accordingly, the undersigned herein discusses these forms.

*Defendants Lizarraga and Soltanian*

Attached to inmate Garcia's objections is a CDCR Form 22 addressed to defendant Lizarraga dated April 1, 2015.  (ECF No. 25 at 6.)  In this form, plaintiff states that he is writing to inform defendant Lizarraga that defendant Soltanian arbitrarily and permanently placed plaintiff in a wheelchair.  (Id.)  Plaintiff states that this is defendant Soltanian's way of retaliating against plaintiff for filing a grievance.  (Id.)  Plaintiff also states that the order for a permanent wheelchair is "deliberate indifference."  (Id.)  Plaintiff also states that the order for plaintiff to have a permanent wheelchair is based on anti-Semitism.  (Id.)

The second amended complaint contains no claim regarding plaintiff's alleged permanent placement in a wheelchair.  For the following reason, the undersigned finds that the April 1, 2015 CDCR Form 22 addressed to defendant Lizarraga fails to state potentially colorable claims against either defendant Lizarraga or defendant Soltanian.

While plaintiff suggests in the April 1, 2015 CDCR Form 22 that he did not require permanent wheelchair status, he offers no facts to support this claim.  In other words, plaintiff does not discuss why he did not require permanent wheelchair status.  For this reason, the undersigned finds that the April 1, 2015 CDCR Form 22 does not state a potentially colorable

Eighth Amendment claim against defendant Lizarraga or defendant Soltanian. For the reasons stated herein, plaintiff's allegations of retaliation and anti-Semitism in the April 1, 2015 CDCR Form 22 also do not demonstrate deliberate indifference.

Plaintiff may be attempting to raise an Equal Protection claim against defendant Soltanian based on the statement in the CDCR Form 22 that defendant Soltanian was motivated by anti-Semitism. Plaintiff's vague and conclusory statement that defendant Soltanian was motivated by anti-Semitism, standing alone, does not state a potentially colorable Equal Protection claim. See Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory allegations insufficient to state a claim for relief).

In the CDCR Form 22s, plaintiff alleges that defendant Soltanian gave plaintiff permanent wheelchair status in retaliation for filing a grievance. An inmate asserting a First Amendment retaliation claim must show the following: "(1) ... that a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct,... that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) [that] the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). "[B]are allegations" of a retaliatory motive are insufficient to support a retaliation claim. Rizzo v. Dawson, 778 F.2d 527, 532 n.4 (9th Cir. 1985).

Plaintiff has not pled sufficient facts in support of a retaliation claim against defendant Soltanian. Plaintiff has not pled sufficient facts demonstrating that defendant Soltanian's order for plaintiff to have permanent wheelchair status did not advance a legitimate correctional goal. Plaintiff has also not pled sufficient facts demonstrating that defendant Soltanian was motivated to retaliate against plaintiff for filing a grievance when he ordered permanent wheelchair status. For these reasons, plaintiff has not stated a potentially colorable retaliation claim against defendant Soltanian.

*Defendants Cherry and Buckner*

Inmate Garcia's objections include a CDCR Form 22 dated March 31, 2015 submitted to defendant Buckner and forwarded to defendant Cherry. (Id. at 3.) In this grievance, plaintiff wrote that defendant Soltanian put plaintiff on permanent wheelchair status in retaliation for

plaintiff filing a grievance and with deliberate indifference to his medical needs, and that defendant Soltanian was motivated by anti-Semitism.  (Id.)  Defendant Buckner responded to the grievance, "If you disagree with your medical treatment you have the ability to file a HC 602."  (Id.)

Plaintiff's March 31, 2015 CDCR Form 22, discussed above, does not contain sufficient information to state a potentially colorable Eighth Amendment claim against defendants Buckner and Cherry.  In his response, defendant Buckner did not address the merits of plaintiff's claim that he did not require permanent wheelchair status.  Instead defendant Buckner told plaintiff to raise this claim in a HC 602.  In his objections, plaintiff fails to address why this response was inappropriate, or whether plaintiff filed a 602 grievance based on his permanent wheelchair status.  For these reasons, the March 31, 2015 CDCR Form 22 does not state a potentially colorable Eighth Amendment claim against defendants Buckner and Cherry.

*Defendants Weiss and Risharp*

Inmate Garcia's objections include a CDCR Form 22 dated May 15, 2018.  (Id. at 8. 9.)  In this form, plaintiff wrote that he had not been provided with adequate pain medication and his orthopedic mattress.  (Id. at 8.)  The form indicates that it was received by staff member Sacay, forwarded to defendant Weiss, and responded to by Lisa Pulshamp.  (Id.)  On May 21, 2018, Lisa Pulshamp responded, "Mr. Shockner, your issue must be addressed through medical; you are advised to submit a 7362 to be seen by medical staff, if needed."  (Id.)  For purposes of these findings and recommendations, the undersigned assumes that Lisa Pulshamp is defendant Lisa Risharp.

The undersigned does not find that defendant Risharp's May 21, 2018 response demonstrates deliberate indifference.  This response did not deny plaintiff's request for adequate pain medication and his orthopedic mattress.  Instead, this response advised plaintiff that his request for adequate pain medication and his orthopedic mattress should be raised in a 7362, i.e., a Health Care Service Request Form.  Plaintiff does not explain why this response was inappropriate.  Plaintiff also does not address whether he submitted a 7362 form requesting adequate pain medication and his orthopedic mattress.  For these reasons, the undersigned does

not find that the response to plaintiff's May 15, 2018 CDCR Form 22 constituted deliberate indifference. Accordingly, plaintiff's claims against defendant Weiss and Risharp based on the response to the May 15, 2018 CDCR Form 22 should be dismissed.

*Defendants Cantu and Risharp*

Inmate Garcia attached another CDCR Form 22 signed by plaintiff on May 15, 2018. (Id. at 7, 10.) In this form, plaintiff wrote that he had not been provided with adequate pain medication and his orthopedic mattress. (Id. at 7.) The form indicates that it was received by staff member Sacay, forwarded to defendant Canto, and responded to by defendant Risharp. (Id.) On June 1, 2018, defendant Risharp responded, "ADA Unit received a form 22 regarding the same issues and responded to you on 5/21/18 advising you to submit a 7362 as these issues must be addressed by medical." (Id.)

Defendant Risharp's response to the CDCR Form 22 discussed above does not demonstrate deliberate indifference. Accordingly, plaintiff's claims against defendants Cantu and Risharp based on defendant Risharp's June 1, 2018 response to this form should be dismissed.

*Other CDCR Form 22s*

Inmate Garcia attached a CDCR Form 22 signed by plaintiff on March 31, 2015 and forwarded to "CEO Health Services Smiley." (Id. at 4.) In this form, plaintiff complained about defendant Soltanian giving plaintiff permanent wheelchair status in retaliation for plaintiff filing grievances, in violation of the Eighth Amendment and based on anti-Semitism. (Id.) This form does not otherwise implicate any of the other named defendants.

Inmate Garcia attached another CDCR Form 22 signed by plaintiff on March 31, 2015 that was forwarded to defendant Smith. (Id. at 5.) It is difficult to read this form. However, this form does not appear to provide any information in support of plaintiff's claims against defendants Cantu, Weiss, Cherry, Risharp, Buckner and Lizarraga.

Conclusion

The court has issued three substantive orders screening the original complaint and the first and second amended complaints. (ECF Nos. 6, 9, 22.) The undersigned now issues the instant findings and recommendations addressing plaintiff's objections to the findings and

recommendations recommending dismissal of defendants Cantu, Weiss, Cherry, Risharp, Buckner, and Lizarraga. It appears unlikely that plaintiff can cure the pleading defects against these defendants. For these reasons, plaintiff is not granted leave to file a third amended complaint.

For the reasons discussed above, IT IS HEREBY ORDERED that the findings and recommendations filed January 18, 2019 (ECF No. 24) are vacated;

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants Cantu, Weiss, Cherry, Risharp, Buckner, and Lizarraga be dismissed;

2. The Eighth Amendment, retaliation and Equal Protection claims against defendant Soltanian for ordering permanent wheelchair status for plaintiff, contained in plaintiff's objections, be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 3, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Shoc1948.fr(2)