UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANFRED SHOCKNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. SOLTANIAN, et al.,<br><br>　　　　Defendants. | No. 2: 18-cv-1948 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee.

On January 18, 2019, the undersigned found that plaintiff's second amended complaint stated potentially colorable claims for relief against defendants Soltanian, Smith and Vaughn. (ECF No. 22.) The undersigned ordered plaintiff to complete service of process on defendants within sixty days. (Id.) The undersigned ordered plaintiff and defendants to submit status reports within 120 days of the January 18, 2019 order. (Id.)

One hundred twenty days passed from January 18, 2019, and neither plaintiff nor defendants submitted status reports. Accordingly, on September 5, 2019, the undersigned ordered plaintiff to file a status report within thirty days addressing the status of service of defendants. (ECF No. 31.)

////

1

| | |
|---|---|
| 1 | On September 25, 2019, plaintiff filed a response to the September 5, 2019 order.  (ECF |
| 2 | No. 33.)  On October 2, 2019, the undersigned granted plaintiff thirty days to file either a status |
| 3 | report addressing the status of service of defendants or an application to proceed in forma |
| 4 | pauperis.  (ECF No. 34.)  The undersigned ordered that if the court granted plaintiff's application |
| 5 | to proceed in forma pauperis, the court would order service of defendants.  (Id.)  In other words, |
| 6 | plaintiff would not be required to serve defendants. |
| 7 | Three documents have been filed in response to the October 2, 2019 order.  The |
| 8 | undersigned addresses these documents herein. |

October 7, 2019 Proof of Service

On October 7, 2019, a proof of service was filed regarding the attempt to serve defendants with process.  (ECF No. 35.)  This document indicates that on October 1, 2019, inmate Danny Garcia "served" the Mule Creek State Prison ("MCSP") Litigation Coordinator, through the MCSP mail system, with one summons for each defendant and three complaints.  (Id. at 2.)

The October 1, 2019 proof of service contains no certificate of service, as required by Federal Rule of Civil Procedure 5(d)(1) and Local Rule 135(c).  For this reason, it is not clear who filed the October 1, 2019 proof of service with the court.  It appears likely that inmate Garcia filed the proof of service on plaintiff's behalf.  The undersigned has previously informed plaintiff that inmate Garcia is not authorized to submit pleadings on plaintiff's behalf.  See Fed. R. Civ. P. 11(a).

In any event, for the reasons stated herein, the undersigned finds that the documents attached to inmate Garcia's proof of service do not demonstrate that defendants were properly served.  It appears that inmate Garcia attempted to serve process on defendants, on plaintiff's behalf, pursuant to Federal Rule of Civil Procedure 4(e)(2)(C), which provides that an individual within a judicial district may be served by delivering a copy of the summons and a copy of the complaint to an agent authorized by appointment or by law to receive service of process.

Plaintiff has failed to show that the Litigation Coordinator is authorized by appointment or law to receive service of process.  See Landau v. Voss, 2009 WL 1010065, at *2 (E.D. Cal 2009) (plaintiff failed to show that Litigation Coordinator was authorized by appointment or law to

receive service of process for defendant). Even assuming that the Litigation Coordinator is authorized by appointment or law to receive service of process for defendants, plaintiff has not shown that the summons and complaints were delivered to the Litigation Coordinator. Rather, plaintiff has only demonstrated that these documents were placed in the MCSP internal mail system.

Because the proof of service filed October 7, 2019 contains no certificate of service, this document is disregarded.

November 15, 2019 Power of Attorney

On November 15, 2019, plaintiff filed a notarized document stating that he has granted inmate Danny Garcia the power of attorney. (ECF No. 37.) Based on this document, plaintiff alleges that inmate Garcia is authorized to act on his behalf in the instant action. (Id.)

In all courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. However, the right to proceed pro se in civil cases is a personal right. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him … He has no authority to appear as an attorney for others then himself.") (citation omitted)).

"Nor does a power of attorney that allows Person A to act on behalf of Person B give Person A the right to act as Person B's attorney." Malinay v. Nishimura, 2013 WL 4240460, at *1 (D. Haw. 2013.) "A power of attorney allows Person A to do on behalf of Person B matters for which an attorney's license is not required." (Id.) "Person A may sign checks or loan documents, for example, but may not provide legal representation if not licensed to practice law." Id., citing In re Foster, 2012 WL 6554718, *5 (9th Cir. B.A.P. Dec. 14, 2012) (concluding that an attorney-in-fact, as opposed to an attorney-at-law, is not authorized to sign a complaint or otherwise appear on behalf of a principal); Ryan v. Hyden, 2012 WL 4793116, *4 (S.D. Cal. Oct. 9, 2012) (holding that, even if a person was given a durable power of attorney with broad language regarding claims and litigation, that power of attorney does not validly provide the right to represent that person as his or her attorney); United States v. Davis, 2012 WL 540562, *2 (E.D.

Ky. Feb. 17, 2012) ("Even assuming that Slone has Davis' power of attorney, the law still would not permit her to represent Davis as an attorney-at-law in legal proceedings."); Harris v. Philadelphia Police Dep't, 2006 WL 3025882, *3 (E.D. Pa. 2006) ("federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney").

For the reasons discussed above, plaintiff's granting of power of attorney to inmate Garcia, a non-attorney, does not authorize inmate Garcia to file documents on plaintiff's behalf. While plaintiff may obtain assistance from inmate Garcia in prosecuting this action, plaintiff is required to sign all pleadings filed on his behalf in this action. Accordingly, plaintiff's request that inmate Garcia be designated as his legal representative in this action, with the authority to file documents on his behalf, is denied.

November 14, 2019 Motion for Extension of Time

Plaintiff has requested an extension of time to file either a status report addressing the status of service of defendants or an in forma pauperis application. Good cause appearing, this motion is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 7, 2019 certificate of service (ECF No. 35) is disregarded;
2. Plaintiff's November 14, 2019 motion for an extension of time (ECF No. 36) is granted;
3. Plaintiff is granted thirty days from the date of this order to file a status report addressing the status of service of defendants or an application to proceed in forma pauperis; if the court grants plaintiff's application to proceed in forma pauperis, the court will direct service of defendants;
4. The Clerk of the Court is directed to send plaintiff an application to proceed in forma pauperis for a prisoner;

////

////

////

4

5. Plaintiff's request for inmate Garcia to be designated as his legal representative in this action, authorized to file pleadings on plaintiff's behalf, (ECF No. 37) is denied.

Dated: November 25, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Shock1948.ord(poa)