1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MANFRED SHOCKNER,                         No.  2: 18-cv-1948 TLN KJN P

12                    Plaintiff,

13           v.                                  ORDER

14    DR. SOLTANIAN, et al.,

15                    Defendants.

16

17           Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  This action is set for a settlement conference before Magistrate Judge Claire

19    on June 15, 2020.

20           On April 27, 2020, plaintiff filed a letter with the court alleging that on March 12, 2020,

21    he authorized defendants to subpoena his medical records "with the proviso" that they provide

22    plaintiff with a copy of the subpoenaed medical records.  (ECF No. 55.)  Plaintiff alleged that he

23    had not received the medical records.  Plaintiff requested that the court issue a subpoena so that

24    plaintiff could obtain these medical records.  Plaintiff alleged that he required the medical records

25    in order to meaningfully prepare for the settlement conference.

26           On May 1, 2020, the undersigned directed defendants to inform the court whether they

27    had obtained plaintiff's medical records.  (ECF No. 56.)  If defendants had obtained the medical

28    records, defendants were directed to inform the court whether they objected to either providing

                                                  1

1   these records to plaintiff or allowing him to review them prior to the settlement conference.

2          On May 5, 2020, defendants filed a response to the May 1, 2020 order.  (ECF No. 57.)

3   Defendants state that they have obtained several boxes of plaintiff's medical records which may

4   bear on his claims in this lawsuit.  Defendants object to providing plaintiff a copy of his medical

5   records for several reasons.  First, the records are extremely voluminous (over 8000 pages), and

6   defendants cannot readily determine which records plaintiff may want to review prior to the

7   settlement conference.

8          Second, after consulting with the litigation coordinator at plaintiff's prison, defense

9   counsel is informed that plaintiff may request one free copy of his medical records and may pay

10  $0.10 per page for any subsequent copies.  Therefore, defendants contend, it would be

11  unnecessary for defendants to provide plaintiff with the records they have received, because

12  plaintiff has equal access to his full electronic history at CDCR and can more readily select the

13  records he believes are necessary to prepare for the settlement conference.

14         Defendants are not required to provide plaintiff with copies of his medical records because

15  plaintiff has equal access to these records.  However, due to the COVID 19 crisis, which may

16  impact plaintiff's ability to access these records, defendants are directed to work with the

17  litigation coordinator at plaintiff's prison to ensure that plaintiff is permitted to review and obtain

18  copies of these records prior to the settlement conference.

19         Accordingly, IT IS HEREBY ORDERED that defendants shall work with the litigation

20  coordinator at plaintiff's prison to ensure that plaintiff is permitted to review and obtain copies of

21  his medical records prior to the June 15, 2020 settlement conference.

22  Dated:  May 7, 2020

23

24                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE
25

26

27  Shock1948.set

28

2