UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANFRED SHOCKNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLTANIAN, et al.,<br><br>　　　　Defendants. | No. 2: 18-cv-1948 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's second amended complaint against defendants Vaughn, Smith and Soltanian-Zadeh. Defendants Vaughn and Smith are represented by the Office of the Attorney General. Defendant Soltanian-Zadeh is represented by private counsel.

    Pending before the court is the motion for judgment on the pleadings filed by defendants Vaughn and Smith on the grounds that plaintiff's claim alleging that defendant Smith approved defendant Soltanian-Zadeh's decision to discontinue plaintiff's methadone is barred by the statute of limitations. (ECF No. 106.) Defendant Soltanian-Zadeh joined the motion for judgment on

////

////

1

the pleadings.[1] (ECF No. 107.)

In response to the motion for judgment on the pleadings, plaintiff filed a document titled "Motion for Judgment on the Pleadings." (ECF No. 108.) This document addresses the pending motion for judgment on the pleadings. Accordingly, the undersigned construes this document as plaintiff's opposition to the pending motion rather than a separate motion.

For the reasons stated herein, the undersigned recommends that the motion for judgment on the pleadings be granted.

Legal Standard for Judgment on the Pleadings

"A motion for judgment on the pleadings is evaluated according to virtually the same legal standard as a motion to dismiss pursuant to Rule 12(b)(6), in that the pleadings are construed in the light most favorable to the non-moving party." Lopez Reyes v. Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1160 (N.D. Cal. 2007). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990). While a court should not consider materials outside of the pleadings at the motion to dismiss stage, a court "may judicially notice a fact that this not subject to reasonable dispute ..." Fed. R. Evid. 201(b).

Plaintiff's Claims

This action proceeds on plaintiff's second amended complaint filed December 26, 2018, against defendants Dr. Soltanian-Zadeh, Dr. Smith and Dr. Vaughn. (ECF No. 17.) Defendants are employed at Mule Creek State Prison ("MCSP").

Plaintiff alleges that he is 77 years old and suffers from several medical conditions, some of which cause him to suffer severe pain. (Id. at 2-3.) Plaintiff describes these conditions as: 1) leukocytosis, probably pseudomembranous colitis; 2) left femoral vein deep venous thrombosis; 3) status post right total hip replacement; 4) severe tricompartmental degenerative

---

[1] Plaintiff refers to defendant Soltanian-Zadeh as defendant Soltanian. However, defendant's motion to join identifies this defendant as defendant Soltanian-Zadeh. (ECF No. 107.) Accordingly, these findings and recommendations refer to this defendant as defendant Soltanian-Zadeh.

knee disease; 5) hypertension; 6) chronic obstructive pulmonary disease; 7) history of ulcerative colitis; 8) C.O.P.D.; and 9) left knee has complex medial and lateral meniscal tear, full thickness tear of ACL and partial tear of collateral ligament and mild effusion with synovitis. (Id. at 2-3.)

Plaintiff alleges that Dr. Ahmed at Mercy Hospital noted that plaintiff's mesalamine dose was somehow reduced from 1200 mg to 400 mg. (Id. at 3.) Dr. Ahmed restarted plaintiff at 1200 mg. 3 times per day. (Id.) Plaintiff's pain medication was 12.5 mg. of methadone and Tylenol # 3. (Id.)

Plaintiff alleges that because of his extreme conditions, he was put on the Disability Placement Program ("DPP") for mobility impaired inmates. (Id.) Plaintiff alleges that he had the following comprehensive accommodation chronos: ground floor housing, bottom bunk housing, wrist splints, a single point cane, a mobility impaired garment, an extra mattress, extra pillow, physical limitations to job assignments based on terrain level, no climbing and no lifting greater than 20 pounds, an accommodation noting it was difficult for plaintiff to get down on the ground for code responses, and plaintiff must wear mobility vest and carry his chrono. (Id.)

Plaintiff alleges that his severe pain has been constant and alleviated by specific medications prescribed at previous prisons. (Id.) Plaintiff alleges that upon arriving at MCSP, plaintiff's pain medications were stopped. (Id.) Plaintiff alleges that his physical conditions that caused the pain did not stop, so his pain still existed. (Id.) Plaintiff alleges that defendant Soltanian-Zadeh made the decision to discontinue his previously prescribed pain medication. (Id.) Plaintiff alleges that defendant Soltanian-Zadeh denied his pain medication, stating, "CDCR is not responsible to treat you for anything except to allow you to eat, shit and take care of yourself." (Id. at 4.)

Plaintiff alleges that defendant Smith approved defendant Soltanian-Zadeh's decision to discontinue plaintiff's pain medication when he signed plaintiff's grievance. (Id. at 3.) Plaintiff alleges that this grievance was started after the appointment where defendant Soltanian-Zadeh allegedly made the statement described above. (Id. at 4.)

Plaintiff alleges that he was moved to a different yard (E Yard) and assigned defendant Vaughn as his new Primary Care Physician ("PCP"). (Id. at 4.) Plaintiff alleges that at his

3

previous yard, i.e., MCSP C-yard, plaintiff purchased an orthopedic mattress with his own money. (Id.) Plaintiff alleges that when he transferred to E yard, plaintiff was not allowed to have his orthopedic mattress. (Id. at 4-5.) Plaintiff alleges that the mattress is being held in Receiving and Release ("R & R"). (Id. at 5.) Plaintiff alleges that correctional officers told him that he needed a chrono from his PCP in order to receive the mattress. (Id.) Plaintiff alleges that defendant Vaughn repeatedly denied his requests for a chrono to receive his mattress. (Id.)

Plaintiff alleges that, in a separate appeal, defendant Smith approved defendant Vaughn's decision to replace plaintiff's methadone with Tylenol and defendant Vaughn's decision not to re-new his chrono for the orthopedic mattress. (Id.)

Legal Standards for Statute of Limitations

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). "However, Rule 12(b)(6) also permits consideration of any matters of which judicial notice may be taken, and any exhibits attached to the complaint." Guerra v. Janda, 2014 WL 4385689, at *9 (S.D. Cal. Jul. 22, 2014) (citing United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)).

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985), superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 377-78 (2004); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at section 335.1 of the California Civil Procedure Code, and this is the applicable state statute in § 1983 actions. Barrett v. Berry, 2020 WL 5816224, at *7 (N.D. Cal. Sept. 30, 2020).

California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc.

Code § 352.1(a). Id. at *7 n. 4. However, only prisoners serving sentences less than life without the possibility of parole are entitled to § 352.1 tolling. Brown v. County of Los Angeles, 830 Fed.Appx. 231, 232-33 (9th Cir. 2020).

The statute of limitations is tolled for the time it takes for a prisoner to administratively exhaust his underlying grievances. See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process").

Application of § 352.1

Defendants argue that plaintiff is not entitled to tolling pursuant to § 352.1 because plaintiff is serving a sentence of life without the possibility of parole, although the abstract of judgment states that plaintiff is serving a sentence of life with the possibility of parole. (ECF No. 106-1.) Defendants contend that the abstract of judgment is in error. (Id. at 6-7.)

Attached to defendants' request for judicial notice is a copy of plaintiff's abstract of judgment stating that plaintiff was sentenced to life with the possibility of parole. (ECF No. 106-2 at 88.) Also attached to defendants' request for judicial notice is a copy of the sentencing transcript containing the court's judgment that plaintiff be sentenced to life without the possibility of parole. (ECF No. 106-2 at 97.)

The undersigned takes judicial notice of the sentencing transcript and plaintiff's abstract of judgment. Lee v. City of Los Angeles, 250 F.3d 668, 669 (9th Cir. 2001), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) (the court may take judicial notice of facts that are not subject to reasonable dispute); Fed. R. Evid. 201(b)(2). In his opposition, plaintiff does not dispute that he is serving a sentence of life without the possibility of parole. (ECF No. 108 at 2.)

When the minutes and abstract of judgment conflict with the oral pronouncement of sentence, the latter must generally prevail. People v. Leon, 8 Cal.5th 831, 855 (2020) ("Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error."). Accordingly, the undersigned finds that plaintiff is serving a sentence of life without the possibility of parole, as

5

1  reflected in the sentencing transcript.  Therefore, plaintiff is not entitled to tolling pursuant to

2  § 352.1.  Brown v. County of Los Angeles, 830 Fed.Appx. at 232-33 (only prisoners serving

3  sentences less than life without the possibility of parole are entitled to § 352.1 tolling).

Discussion

*Incorporation By Reference/Judicial Notice of Grievances*

Defendants observe that plaintiff's second amended complaint specifically refers to a grievance plaintiff filed when defendant Soltanian-Zadeh stopped plaintiff's pain medication. Defendants contend that grievance MCSP-HC-14045841, which attaches MCSP-HC-13043952, MCSP-14000372 to the Director's Level Decision, is the grievance referred to by plaintiff in the second amended complaint.  Defendants request that the court take judicial notice of MCSP-HC-14045841 and the attached grievances.[2]

The court may take judicial notice of the grievances but not for the truth of their contents. See Walker v.Woodford, 454 F. Supp. 2d 1007, 1023 (S.D. Cal. 2006) ("The documents pertaining to Plaintiff['s] exhaustion efforts are part of a state administrative proceeding and may be judicially noticed, not for the truth of their contents but for the fact that an administrative proceeding occurred.") (citing United States v. Richie, 342 F.3d 903, 908-09 (9th Cir. 2003)); Calloway v. Kelly, 2015 WL 4722976, at *19 (E.D. Cal. Aug. 7, 2015) ("The Court can take judicial notice of the existence of the filing of an inmate grievance [within CDCR]; however, the Court cannot take judicial notice of the truth of the facts and matters asserted therein.").

In the alternative, the undersigned herein also considers whether MCSP-HC-14045841 and the attached grievances are incorporated by reference.

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."  Khoja v. Orexigen Therapeutics, Inc., 899 F.3d

---

[2] Attached to defendants' request for judicial notice is a declaration by the Custodian of Records stating that they provided defendants with copies of grievances MCSP-HC-17000250 and MCSP-HC-14045841.  (ECF No. 106-2 at 86.)  MCSP-HC-17000250 is not included in the request for judicial notice.  MCSP-HC-14045841 is attached to the request for judicial notice, as are MCSP-HC-14000372 and MCSP-HC-13043952.  Based on the declaration of the Custodian of Records, the undersigned finds that MCSP-HC-14000372 and MCSP-HC-13043952 were attached to MCSP-HC-14045841.

988, 1002 (9th Cir. 2018).  "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Plaintiff submitted MCSP-HC-14045841 on October 22, 2014.  (ECF No. 106-2 at 8.)  Plaintiff complained of elder abuse by defendants Solantian-Zadeh and Smith.  (Id.)  In part, plaintiff complained that defendant Smith wanted to give plaintiff 5 mg. of "methanol" but plaintiff was on 12.5 of "methanol" when he arrived at MCSP.  (Id. at 11.)  By "methanol" plaintiff apparently meant methadone.

Defendant Smith issued a First Level response to MCSP-HC-14045841 on December 24, 2014.  (Id. at 15-17.)  The response to this grievance identifies one of plaintiff's issues as disagreement as to how defendant Soltanian-Zadeh treats plaintiff.  (Id. at 15.)  Defendant Smith's response states that plaintiff claimed that defendant Smith wanted to give plaintiff 5 mg. of "methanol" twice a day instead of the previously prescribed 12.5 mg.  (Id.)  Defendant Smith's response states that plaintiff stated that he has "been virtually left without being treated for pain…"  (Id.)

In his response, defendant Smith also stated that plaintiff was interviewed by defendant Soltanian-Zadeh on December 17, 2014, in the first level interview.  (Id. at 16.)  Plaintiff stated during the interview that he disagreed with treatment for chronic pain.  (Id.)  Defendant Soltanian-Zadeh said that plaintiff's case was discussed at the Pain Management Committee in November 2013.  (Id.)  Defendant Smith listed plaintiff's medications, which did not include methadone.  (Id. at 17.)

On March 2, 2015, Chief Executive Officer Smiley issued a second level response to MCSP-HC-14045841.  (Id. at 18-21.)  On May 28, 2015, the Director's Level Decision for MCSP-HC-14045841 was issued.  (Id. at 5-7.)

As discussed above, grievances MCSP-HC-14000372 and MCSP-HC-13043952 were attached to the Director's Level Decision in MCSP-14045841.

/////

Plaintiff submitted MCSP-HC-13043952 on August 5, 2013. (Id. at 59.) In this grievance, plaintiff alleged that when he arrived at MCSP, he was on 12.5 mg. methadone and that "there was no reason to cancel my pain regimen that was effective." (Id. at 60.) Plaintiff alleged that when defendant Soltanian-Zadeh "made the decisions described above" he commented "CDCR is not responsible to treat you for anything except to allow you to eat, shit and take care of yourself." (Id. at 65.)

On September 16, 2013, defendant Smith issued a decision addressing plaintiff's first level grievance in MCSP-HC-13043952. (Id. at 72-74.) Defendant Smith found that plaintiff received adequate pain medication. (Id.)

On March 13, 2014, a Director's Level Decision was issued in MCSP-HC-13043952. (Id. at 70-71.) The Director's Level Decision found that plaintiff received adequate pain medication. (Id.) The Director's Level Decision also directed the MCSP Chief Medical Officer to accept this appeal as a staff complaint and investigate plaintiff's allegations of rude and unprofessional behavior by defendant Soltanian-Zadeh. (Id. at 71.) This decision directed the MCSP Chief Medical Officer to issue a staff complaint response to plaintiff regarding their findings. (Id.)

MCSP-HC-14000372 is the grievance addressing plaintiff's staff complaint regarding defendant Soltanian-Zadeh's alleged rude and unprofessional comments. (Id. at 57.) On May 12, 2014, a first/second level response to this grievance was issued. (Id. at 57-58.)

As discussed above, in the second amended complaint, plaintiff alleges that he filed the at-issue grievance after the appointment where defendant Soltanian-Zadeh made the statement, "CDCR is not responsible to treat you for anything except to allow you to eat, shit and take care of yourself." (ECF No. 17 at 4.) In MCSP-HC-13043942, plaintiff alleged that defendant Soltanian-Zadeh made this statement and also challenged defendant Soltanian-Zadeh's decision to "cancel" plaintiff's pain medication, which apparently included discontinuing plaintiff's methadone. Therefore, plaintiff's claim against defendant Smith is based on defendant Smith's response to MCSP-HC-13043952. Accordingly, the undersigned finds that MCSP-HC-13043952 is incorporated by reference.

////

While defendant Smith also addressed decisions made by defendant Soltanian-Zadeh regarding plaintiff's pain medication in MCSP-HC-14045841, this grievance does not reference the specific claims raised in the second amended complaint as does MCSP-HC-13043952. Therefore, plaintiff's at-issue claims are not based on defendant Smith's response to MCSP-HC-14045841. Accordingly, MCSP-HC-14045841 is not incorporated by reference. However, as discussed herein, even were the undersigned to find that plaintiff's at-issue claims were based on MCSP-HC-14045841, the instant action would not be timely.

*Calculating Statute of Limitations*

The undersigned cannot determine precisely when plaintiff's at-issue claim against defendant Soltanian-Zadeh accrued because neither MCSP-HC-13043952 nor the second amended complaint specifically allege when defendant Soltanian-Zadeh discontinued plaintiff's pain medication, including methadone. Plaintiff's claim against defendant Smith accrued on September 16, 2013, i.e., the date defendant Smith issued his decision addressing plaintiff's first level grievance in MCSP-HC-13043952

Giving plaintiff the benefit of the doubt, the undersigned finds that the two-years statute of limitations, set forth in California Code of Civil Procedure § 335.1, began to run for plaintiff's claims against both defendants on the date of the Director's Level Decision in MCSP-HC-13043952, i.e., March 13, 2014. See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process").

Plaintiff filed this action on June 28, 2018. (ECF No. 1.) Therefore, the at-issue claims against defendants Soltanian-Zadeh and Smith are not timely because they were filed more than two years after March 13 2014.

The undersigned observes that the Director's Level Decision in MCSP-HC-13043952 directed the MCSP Chief Executive Officer to accept plaintiff's appeal of defendant Soltanian-Zadeh's alleged statement, "CDCR is not responsible to treat you for anything except to allow you to eat, shit and take care of yourself," as a staff complaint. Plaintiff's claim against defendant Soltanian-Zadeh in the second amended complaint is based on the discontinuation of plaintiff's

9

pain medication, including methadone. The Director's Level Decision in MCSP-HC-13043952 rejected this claim. For this reason, the undersigned finds that the staff complaint ordered in the Director's Level Decision in MCSP-HC-13043952 is not relevant to the calculation of the statute of limitations regarding the at-issue claims against defendants Smith and Soltanian-Zadeh.

As discussed above, even if the undersigned found that plaintiff's at-issue claims against defendants were based on MCSP-HC-14045841, the instant action would not be timely. This action was filed more than two years after May 28, 2015, i.e., the date of the Director's Level Decision in MCSP-HC-14045841.

*Continuing Violation Doctrine*

In his opposition, plaintiff argues that this action is not solely based on MCSP-HC-14045841, but on a series of appeals: 14045841, 14000372, 13043952, 17057830, 1700250, etc. (ECF No. 108 at 2.) Plaintiff also contends that he sent defendant Smith several CDCR Form 22s to which defendant Smith failed to respond. (Id.)

In the reply, defendants construe plaintiff's argument that his claims against defendants are based on a series of appeals and CDCR 22 Forms as an argument for application of the continuing violation doctrine. (ECF No. 109 at 2-5.) Defendants argue that the continuing violation doctrine is not applicable because in the second amended complaint, plaintiff's claims arise from defendant Soltanian-Zadeh's decision to discontinue (or reduce) plaintiff's pain medication and defendant Smith's approval of this decision in his response to plaintiff's grievance. Defendants argue that plaintiff's claims are not timely pursuant to the continuing violation doctrine.

The continuing violation doctrine is an exception to the discovery rule of accrual which may allow a plaintiff to seek relief for incidents occurring outside the limitations period. See Bird v. Dep't of Human Servs., 935 F.3d 738, 746 (9th Cir. 2019) (citing Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001)). Historically, the Ninth Circuit recognized two applications: (1) the "related acts" continuing violation theory, also known as the "serial acts" theory; and (2) the maintenance of a discriminatory system occurring both before and within the limitations period, also known as the systematic branch of the continuing violation doctrine. Bird, 935 F.3d at 746.

10

1    However, the Supreme Court limited the related acts continuing violation theory in National R.R.
2    Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).  The Court held that "'discrete...acts are
3    not actionable if time barred, even when they are related to acts alleged in timely filed charges'
4    because [[e]ach discrete...act starts a new clock for filing charges alleging that act.'"  Bird, 935
5    F.3d at 747 (citing Morgan, 536 U.S. at 113).  See also Carpinteria Valley Farms, Ltd. v. County
6    of Santa Barbara, 344 F.3d 822, 829 (9th Cir. 2003) ("Although Morgan was a Title VII case...we
7    have applied Morgan to bar § 1983 claims predicated on discrete time-barred acts,
8    notwithstanding that those acts are related to timely filed claims.").  In Bird, the Ninth Circuit
9    noted it has also applied Morgan "to abrogate the systematic branch of the continuing violations
10   doctrine as well," concluding that "little remains of the continuing violations doctrine."  Id., 935
11   F.3d at 747.  "Except for a limited exception for hostile work environment claims -- not at issue
12   here -- the serial acts branch is virtually non-existent."  Id.

13        Plaintiff's claim for application of the continuing violation doctrine is not entirely clear.
14   Plaintiff's claim for application of the continuing violation doctrine may be based on pain
15   plaintiff allegedly continued to suffer after defendants discontinued plaintiff's pain medication,
16   including methadone.  However, the "mere continuing impact from past violations is not
17   actionable." Knox, 260 F.3d at 1013.

18        Plaintiff may argue for application of the continuing violation doctrine based on his
19   related claim that defendant Smith later approved defendant Vaughn's decision to replace
20   plaintiff's methadone with Tylenol.  Defendants do not argue that this claim is not timely.
21   However, defendant Smith's approval of the decisions by defendants Soltanian-Zadeh and
22   Vaughn involved discrete acts.  Discrete acts are not actionable if time barred even if related to
23   acts alleged in a timely complaint.  See Morgan, 536 U.S. at 114.

24        The undersigned has also considered whether plaintiff is arguing in his opposition that
25   defendant Soltanian Zadeh denied his request for pain medication on a different occasion, i.e.,
26   that plaintiff is attempting to raise a separate claim against defendant Soltanian-Zadeh (and
27   Smith).  However, the second amended complaint challenges only one decision by defendant
28   Soltanian-Zadeh regarding plaintiff's pain medication and defendant Smith's response to

plaintiff's appeal regarding that decision. Plaintiff may not amend his complaint by way of his opposition to the pending motion to include additional claims against defendants.[3]

For the reasons discussed above, the undersigned finds that the continuing violation doctrine does not save the at-issue claims against defendants Smith and Soltanian-Zadeh

*Denial of Access to Legal Property*

In his opposition, plaintiff also argues that he could not file a timely complaint because he was denied access to his legal property. Plaintiff alleges that prison officials at Salinas Valley State Prison ("SVSP") failed to forward three boxes of his legal property when he transferred to MCSP. (ECF No. 108 at 3.) Plaintiff alleges that he submitted eight CDCR forms to SVSP dated 9/13/17, 12/17/17, 3/5/18, 4/25/18, 7/14/18, 10/2/18 and 10/15/18, apparently requesting his legal property. (Id.) Plaintiff alleges that the SVSP R & R Sergeant failed to respond to these requests. (Id.) Plaintiff alleges that he sent another CDCR Request to the SVSP Warden on 12/30/18 requesting his three boxes of legal property. (Id.)

California's equitable tolling doctrine applies in a section 1983 action venued in California. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). The burden to plead facts which would give rise to equitable tolling falls upon the plaintiff. Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Equitable tolling is available to suspend or extend the statute of limitations in order to ensure fundamental practicality and fairness. Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim;

---

[3] The undersigned observes that plaintiff attached copies of SVSP-HC-17057830 and MCSP-HC-1700250, cited in his opposition, to a previously filed summary judgment motion. (ECF No. 87 at 95-104, 120-133.) In SVSP HC-17057830, plaintiff requested reinstatement of morphine and Tylenol. (Id.) In this grievance, plaintiff claimed that Dr. Vu discontinued Tylenol. (Id.) Plaintiff requested to see the Pain Management Committee for reinstatement of morphine and Tylenol. (Id.) This grievance also addressed pain medication prescribed by defendant Vaughn. (Id.) This grievance did not discuss decisions made by defendant Soltanian-Zadeh regarding plaintiff's pain medication. (Id.) Defendant Smith did not respond to the first level of this grievance. (Id. at 106.) In MCSP-HC-17000250, plaintiff requested the return of the orthopedic mattress he purchased. (Id. at 120-22.) Grievances SVSP-HC-17057830 and MCSP-HC-1700250 did not allege that defendant Soltanian-Zadeh reduced or discontinued plaintiff's pain medication on occasions other than that alleged in the second amended complaint.

1  (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and
2  (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shedler, 192 F.2d
3  911, 916 (9th Cir. 1999) (citation and internal quotation marks omitted).  Thus, California's
4  equitable tolling doctrine "requires a balancing of the injustice to the plaintiff occasioned by the
5  bar of his claim against the effect upon the important public interest or policy expressed by the ...
6  limitations statute." Lantzy v. Centex Homes, 31 Cal.4th 363, 371 (2003).

7       Plaintiff filed the original complaint on June 28, 2018.  (ECF No. 1.)  In the opposition,
8  plaintiff alleges that he submitted requests for his missing legal property on 7/14/18, 10/2/18,
9  10/15/18 and 12/30/18.  Therefore, plaintiff filed this action at a time when he allegedly did not
10 have access to his missing legal property.  Accordingly, the undersigned finds that plaintiff's
11 opposition does not demonstrate that plaintiff's alleged inability to access his legal property
12 prevented him from filing this action.  Thus, plaintiff has not shown good faith in prosecuting this
13 action.  Accordingly, plaintiff is not entitled to equitable tolling based on the allegedly missing
14 legal property.

15       *Plaintiff's Request for Sanctions*

16       In his opposition, plaintiff requests that defendants be sanctioned on various grounds
17 including relitigating the issue of whether the at-issue claims are barred by the statute of
18 limitations.

19       Defendants previously filed a motion to dismiss pursuant to Federal Rule of Civil
20 Procedure 12(b)(6) arguing that the at-issue claims were barred by the statute of limitations.
21 (ECF No. 80.)  Citing plaintiff's abstract of judgment, defendants argued that plaintiff was not
22 entitled to tolling pursuant to § 352.1 because plaintiff was serving a sentence of life without the
23 possibility of parole.  (Id.)  Defendants did not attach plaintiff's sentencing transcript
24 demonstrating that the abstract of judgment was in error.  As in the pending motion, defendants
25 argued that this action was not timely based on MCSP-HC-14045841.  (Id.)

26       On July 28, 2021, the undersigned recommended that the motion to dismiss be denied
27 because plaintiff was entitled to tolling pursuant to § 352.1 because the abstract of judgment
28 demonstrated that plaintiff was serving a sentence of life with the possibility of parole.  (ECF No.

98.) The undersigned found that this action was timely because it was filed within four years of the Director's Level Decision in MCSP-HC-14045841. (Id.) The undersigned did not consider whether MCSP-HC-13043952 raised the at-issue claims because defendants did not explicitly raise this argument. (Id.) On August 30, 2021, the Honorable Troy L. Nunley adopted these findings and recommendations. (ECF No. 100.)

Plaintiff requests that defendants be sanctioned, in part, for bringing a second motion to dismiss the at-issue claims as time barred. While defendants' original motion to dismiss did not adequately address application of the statute of limitation to the at-issue claims, the undersigned finds that sanctions are not warranted on these grounds.

Conclusion

For the reasons discussed above, the undersigned recommends that the pending motion for judgment on the pleadings be granted. Plaintiff's claim alleging that defendant Soltanian-Zadeh violated the Eighth Amendment by discontinuing plaintiff's pain medication, including methadone, and plaintiff's claim that defendant Smith violated the Eighth Amendment by upholding defendant Soltanian-Zadeh's decision, should be dismissed as barred by the statute of limitations.

If these findings and recommendations are adopted, this action will proceed on the following claims: 1) defendant Vaughn violated the Eighth Amendment by replacing plaintiff's methadone with Tylenol and failing to renew plaintiff's chrono for his orthopedic mattress; and 2) defendant Smith violated the Eighth Amendment by approving defendant Vaughn's decisions.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for judgment on the pleadings (ECF No. 108) is construed as an opposition to defendants' motion for judgment on the pleadings; and

IT IS HEREBY RECOMMENDED that defendants' motion judgment on the pleadings (ECF No. 106) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 18, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Shock1948.jop