UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANFRED SHOCKNER,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. SOLTANIAN, et al.,<br><br>        Defendants. | No.  2: 18-cv-1948 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are several requests made by plaintiff for issuance of subpoenas.

Background

This action proceeds on plaintiff's second amended complaint filed December 26, 2018, against defendants Dr. Soltanian-Zadeh, Dr. Smith and Dr. Vaughn.  (ECF No. 17.)  Defendants are employed at Mule Creek State Prison ("MCSP").

Plaintiff alleges that he is 77 years old and suffers from several medical conditions, some of which cause him to suffer severe pain.  (Id. at 2-3.)  Plaintiff describes these conditions as: 1) leukocytosis, probably pseudomembranous colitis; 2) left femoral vein deep venous thrombosis; 3) status post right total hip replacement; 4) severe tricompartmental degenerative knee disease; 5) hypertension; 6) chronic obstructive pulmonary disease; 7) history of ulcerative

1

colitis; 8) C.O.P.D.; and 9) left knee has complex medial and lateral meniscal tear, full thickness tear of ACL and partial tear of collateral ligament and mild effusion with synovitis. (Id. at 2-3.)

Plaintiff alleges that Dr. Ahmed at Mercy Hospital noted that plaintiff's mesalamine dose was somehow reduced from 1200 mg to 400 mg. (Id. at 3.) Dr. Ahmed restarted plaintiff at 1200 mg. 3 times per day. (Id.) Plaintiff's pain medication was 12.5 mg. of methadone and Tylenol # 3. (Id.)

Plaintiff alleges that because of his extreme conditions, he was put on the Disability Placement Program ("DPP") for mobility impaired inmates. (Id.) Plaintiff alleges that he had the following comprehensive accommodation chronos: ground floor housing, bottom bunk housing, wrist splints, a single point cane, a mobility impaired garment, an extra mattress, extra pillow, physical limitations to job assignments based on terrain level, no climbing and no lifting greater than 20 pounds, an accommodation noting it was difficult for plaintiff to get down on the ground for code responses, and plaintiff must wear mobility vest and carry his chrono. (Id.)

Plaintiff alleges that his severe pain has been constant and alleviated by specific medications prescribed at previous prisons. (Id.) Plaintiff alleges that upon arriving at MCSP, plaintiff's pain medications were stopped. (Id.) Plaintiff alleges that his physical conditions that caused the pain did not stop, so his pain still existed. (Id.) Plaintiff alleges that defendant Soltanian-Zadeh made the decision to discontinue his previously prescribed pain medication, i.e., methadone. (Id.) Plaintiff alleges that defendant Soltanian-Zadeh denied his pain medication, stating, "CDCR is not responsible to treat you for anything except to allow you to eat, shit and take care of yourself." (Id. at 4.)

Plaintiff alleges that defendant Smith approved defendant Soltanian-Zadeh's decision to discontinue plaintiff's pain medication when he signed plaintiff's grievance. (Id. at 3.)

Plaintiff alleges that he was moved to a different yard (E Yard) and assigned defendant Vaughn as his new Primary Care Physician ("PCP"). (Id. at 4.) Plaintiff alleges that at his previous yard, i.e., MCSP C-yard, plaintiff purchased an orthopedic mattress with his own money. (Id.) Plaintiff alleges that when he transferred to E yard, plaintiff was not allowed to have his orthopedic mattress. (Id. at 4-5.) Plaintiff alleges that the mattress is being held in

Receiving and Release ("R & R").  (Id. at 5.)  Plaintiff alleges that correctional officers told him that he needed a chrono from his PCP in order to receive the mattress.  (Id.)  Plaintiff alleges that defendant Vaughn repeatedly denied his requests for a chrono to receive his mattress.  (Id.)

Plaintiff alleges that, in a separate appeal, defendant Smith approved defendant Vaughn's decision to replace plaintiff's methadone with Tylenol and defendant Vaughn's decision not to renew his chrono for the orthopedic mattress.  (Id.)

Standards Governing Subpoenas

Under Federal Rule of Civil Procedure 45(a)(1)(D), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection.  However, a party's reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense") and by the court's duty under Federal Rule of Civil Procedure 45(d)(1) to ensure that a subpoena does not impose "undue burden or expense on a person subject to the subpoena."

"The 'Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum.'" Heilman v. Lyons, 2010 WL 5168871, at *1 (E.D. Cal. Dec. 13, 2010) (quoting Badman v. Stark, 139 F.R.D. 601, 605 (M.D.Pa.1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"); see also United States v. Columbia Broad. Sys., Inc., 666 F.2d 364, 368–69 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party); Fed.R.Civ.P. 45(d)(1) ("A party ... responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court ... must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees—on a party ... who fails to comply.").

Plaintiff is responsible for paying all fees and costs associated with the subpoenas regardless of his in forma pauperis status.  Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989).

////

Motion for Approval of Subpoenas (ECF No. 116)

Plaintiff requests that the court approve subpoenas previously submitted in ECF No. 110. In ECF No. 110, plaintiff states that he submitted four subpoenas for the court's approval. (ECF No. 110 at 1.) Plaintiff did not attach his proposed subpoenas to ECF No. 110. However, in the pending motion for approval of subpoenas, plaintiff indicates that the subpoenas are addressed to defendants. (ECF No. 116 at 1.)

The undersigned previously informed plaintiff that Federal Rule of Civil Procedure 45(a) provides that parties to a case may obtain discovery from non-parties through a subpoena. (ECF No. 98 at 19.) Rule 45(a) does not apply to discovery from a party. See Lee v. Multnomah County Mental Health Department in County Detention Center, 2018 WL 5848971, at *1 (D. Ore. Nov. 7, 2018) (citing Wirtz v. Local Union 169, Intern. Hod Carriers' Bldg. and Common Laborers' Union of America, AFL-CIO, 37 F.R.D. 349, 351 (D. Nev. 1965) (subpoena duces tecum is not intended as substitute for request to produce where subpoena requires production of documents under control of party as distinguished from independent witness).

Plaintiff's motion for subpoenas is denied as it improperly seeks documents from defendants.

Motion for Subpoena (ECF No. 117)

Attached to the pending motion are two subpoenas addressed to the Mule Creek State Prison ("MCSP") Litigation Coordinator. In the first subpoena, plaintiff requests,

> All copies of policy and procedures for establishing medical budget and assigning it to each individual physician and distribution of savings, as bonus's to each physician. Also requested is the amount distributed to Dr. Smith, Vaughn and Soltanian for the period of 2013 to 2018.

(ECF No. 117 at 2.)

The undersigned finds that the policies and procedures regarding the medical budget and distribution of bonuses for apparently every physician employed by CDCR are not relevant to this action. In addition, the medical budget and bonuses allegedly assigned to the defendants from 2013 to 2018 is not relevant to this action. On these grounds, plaintiff's request for the subpoena described above is denied.

1       In the second subpoena, plaintiff requests, "Copies of the investigation of Dr. Soltanian
2  ordered by Sacramento response to MCSP-HC-14045841, 602, dated 5-18-2015." (Id. at 4.)
3  Plaintiff made no showing why he could not obtain these documents by way of discovery
4  propounded on defendant Soltanian-Zadeh.[1] Accordingly, plaintiff's request to subpoena these
5  documents from the MCSP Litigation Coordinator is denied.

Motion for Subpoenas (ECF No. 119)

       Plaintiff requests that the court issue the subpoenas requested in ECF No. 110 and two subpoenas submitted in December 2020. As discussed above, plaintiff's request for the subpoenas referenced in ECF No. 110 is denied because the subpoenas are addressed to defendants.

       The court record contains no request for subpoenas filed by plaintiff in December 2020. However, on November 9, 2020, plaintiff filed a request for issuance of subpoenas. (ECF No. 78.) On July 28, 2021, the undersigned denied this request. (ECF No. 98.)

       Attached to the pending motion is a subpoena addressed to the Valley State Prison Litigation Coordinator. (ECF No. 119 at 2.) In this request plaintiff seeks,

> Copies of annual evaluations of all CDCR Prison Medical Facilities which lists them in order of their overall performance, from best to worst. This request is for the period/years 2015 through 2019, within thirty days of approval of the court.

(Id.)

       The undersigned finds that the annual evaluation of every CDCR Medical Facility from 2015 through 2019 is not relevant to this action. Accordingly, plaintiff's request to subpoena these documents from the Valley State Litigation Coordinator is denied.

Request for Subpoenas (ECF No. 123)

       Plaintiff requests that the court issue to plaintiff "ten each pre-approved by the court subpoenas." (ECF No. 123 at 1.) Plaintiff does not address to whom the subpoenas are addressed nor the evidence he seeks in the requested subpoenas. Accordingly, this request for subpoenas is

---

[1] The undersigned separately recommended that the claim against defendant Soltanian-Zadeh and related claim against defendant Smith be dismissed as barred by the statute of limitations.

5

denied.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for subpoenas (ECF Nos. 116, 117, 119 and 123) are denied.

Dated: March 18, 2022

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Shock1948.sub(2)