UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANFRED SHOCKNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLTANIAN, et al.,<br><br>　　　　　Defendants. | No.  2:18-cv-01948-TLN-KJN<br><br>**ORDER** |

  Plaintiff, a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On March 18, 2022, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (ECF No. 125.)  Plaintiff has filed objections to the findings and recommendations.  (ECF No. 129.)

  The magistrate judge recommended that Defendants' motion to dismiss Plaintiff's claim that Defendant Smith approved Defendant Soltanian-Zadeh's decision to discontinue Plaintiff's methadone as barred by the statue of limitations be granted.  The magistrate judge recommended that the related claim against Defendant Solanian-Zadeh be dismissed as barred by the statute of limitations, as Defendant Soltanian-Zadeh joined the motion to dismiss.

1    In his objections, Plaintiff raises a new claim for equitable tolling. Plaintiff alleges that he "has been physically unable to process the case as he was hospitalized for right hip surgery and subsequent rehabilitation at COR OHU, for a period of over six and possibly up to nine months." (ECF No. 129 at 5.)

The Court has discretion to consider new arguments raised in objections to findings and recommendations. *Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002). For the following reasons, the Court declines to consider Plaintiff's new argument for equitable tolling raised in his objections. While Plaintiff is a pro se litigant, Plaintiff knew of the grounds for the new argument for equitable tolling when he filed his opposition to the pending motion. Plaintiff's new argument was not based on a "novel claim under a relatively new statue." *Brown*, 279 F.3d at 745.

Even if the Court considered Plaintiff's new argument raised in his objections, the Court would find that Plaintiff did not allege sufficient facts supporting a colorable claim for equitable tolling. *See Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999). While Plaintiff alleges in his objections that he could not "process" this case for six to nine months due to hip surgery, Plaintiff does not allege when this hip surgery occurred. Without this information, the Court cannot find that Plaintiff made a colorable claim for equitable tolling based on hip surgery.

Moreover, as discussed in the findings and recommendations, Plaintiff had two years from March 13, 2014, to file a timely complaint. (ECF No. 125 at 9.) Plaintiff filed this action on June 28, 2018. (*Id.*) Plaintiff's alleged nine month recovery from hip surgery would not explain the over two year delay in the filing of this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed March 18, 2022, (ECF No. 125), are adopted in full; and

2. Defendants' Motion for Judgment on the Pleadings (ECF No. 106) is GRANTED;

3. Plaintiff's claim alleging that Defendant Smith approved Defendant Soltanian-Zadeh's decision to discontinue Plaintiff's methadone is DISMISSED;

4. Plaintiff's claim alleging that Defendant Soltanian-Zadeh discontinued Plaintiff's methadone is DISMISSED.

**DATE:  June 15, 2022**

Troy L. Nunley
United States District Judge