1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MANFRED SHOCKNER,                           No.  2: 18-cv-1948 TLN KJN P

12                     Plaintiff,

13          v.                                     ORDER

14    DR. SOLTANIAN, et al.,

15                     Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is defendant Soltanian-Zadeh's motion to compel

19    (ECF No. 118), plaintiff's motion to reopen discovery, contained in plaintiff's objections (ECF

20    No. 130), and plaintiff's motion to compel (ECF No. 134).

21          For the reasons stated herein, defendant Soltanian-Zadeh's motion to compel is vacated,

22    and plaintiff's motions to reopen discovery and to compel are denied.

23    Background

24          On November 9, 2020, plaintiff filed a request for issuance of subpoenas addressed to

25    defendants for the production of various documents.  (ECF No. 78.)  On July 28, 2021, the

26    undersigned denied the request for subpoenas.  (ECF No. 98.)  The undersigned informed plaintiff

27    that he may not obtain discovery from defendants through a subpoena.  (Id. at 19-20.)

28    ////

                                                    1

1   On September 30, 2021, the undersigned issued the Discovery and Scheduling Order

2   setting the discovery deadline for January 28, 2022.  (ECF No. 105.)

3   Despite the July 18, 2021 order informing plaintiff that he could not obtain discovery from

4   defendants through a subpoena, on December 17, 2021, plaintiff filed a motion requesting

5   issuance of subpoenas addressed to defendants.  (ECF No. 116.)  On March 18, 2022, the

6   undersigned denied this motion.  (ECF No. 126.)

7   On December 27, 2021, plaintiff filed a motion requesting issuance of subpoenas

8   addressed to the Mule Creek State Prison ("MCSP") Litigation Coordinator.  (ECF No. 117.)  On

9   March 18, 2022, the undersigned denied this motion on the grounds that the proposed subpoenas

10   sought documents not relevant to this action and plaintiff made no showing why he could not

11   obtain these documents from defendant Soltanian-Zadeh.  (ECF No. 126.)

12   On January 28, 2022, plaintiff filed a motion requesting issuance of subpoenas to the

13   Valley State Prison Litigation Coordinator.  (ECF No. 119.)  On March 18, 2022, the undersigned

14   denied this motion on the grounds that the proposed subpoenas sought documents not relevant to

15   this action.  (ECF No. 126.)

16   On March 18, 2022, the undersigned recommended that defendants' motions for judgment

17   on the pleadings be granted.  (ECF No. 125.)

18   On June 16, 2020, The Honorable Troy L. Nunley adopted the March 18, 2020 findings

19   and recommendations.  (ECF No. 139.)  This action now proceeds on the following claims:  1)

20   defendant Vaughn allegedly violated the Eighth Amendment by replacing plaintiff's methadone

21   with Tylenol and failing to renew plaintiff's chrono for his orthopedic mattress; and 2) defendant

22   Smith allegedly violated the Eighth Amendment by approving defendant Vaughn's decisions.

23   (ECF Nos. 125, 139.)

24   The dispositive motion deadline is sixty days from June 16, 2020.  (ECF No. 128.)

25   ////

26   ////

27   ////

28   ////

1    Defendant Soltanian-Zadeh's Motion to Compel (ECF No. 118)

2        Defendant Soltanian-Zadeh moves to compel further responses to requests for admissions

3    and special interrogatories.

4        The claims against defendant Soltanian-Zadeh are dismissed.  (ECF Nos. 125, 139.)

5    Accordingly, defendant Soltanian-Zadeh's motion to compel is vacated.

6    Plaintiff's Request to Reopen Discovery (ECF No. 130)

7        *Legal Standard*

8        In considering whether to grant a motion to amend the scheduling order and re-open

9    discovery, the court is to consider:

10           1) whether trial is imminent, 2) whether the request is opposed, 3)
             whether the non-moving party would be prejudiced, 4) whether the
11           moving party was diligent in obtaining discovery within the
             guidelines established by the court, 5) the foreseeability of the need
12           for additional discovery in light of the time allowed for discovery by
             the district court, and 6) the likelihood that the discovery will lead to
13           relevant evidence.

14    City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United

15    States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on

16    other grounds, 520 U.S. 939 (1997)).  It is "significant" when a party is seeking to re-open

17    discovery rather than extend the discovery deadline.  W. Coast Theater Corp. v. City of Portland,

18    897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is

19    considerable" because "a request for an extension acknowledges the importance of a deadline,

20    [while] a retroactive request suggests that the party paid no attention at all to the deadline."  Id.

21        *Discussion*

22        On April 7, 2020, plaintiff filed the pending motion to reopen discovery (contained in

23    objections to the March 18, 2022 order).  (ECF No. 130.)  In this motion, plaintiff states that he

24    accepts the court's ruling that the information requested by subpoena should have been requested

25    directly from defendants.  (Id. at 2.)  Plaintiff contends that the court's delay in addressing his

26    request for subpoenas left him without a remedy.  (Id.)  For that reason, plaintiff requests that the

27    court allow him to serve defendants with discovery requests.  (Id.)

28    ////

                                               3

As discussed above, the undersigned denied plaintiff's requests for subpoenas filed December 17, 2021, December 27, 2021, and January 28, 2021 on March 18, 2022, i.e., after the discovery deadline passed.  However, the March 18, 2022 order found that only one of plaintiff's proposed subpoenas sought documents that should have been requested from a defendant, i.e., defendant Soltanian-Zadeh.  The claims against defendant Soltanian-Zadeh have been dismissed.  In the March 18, 2022 order, the undersigned found that the other subpoenas addressed to non-parties sought documents that were not relevant to this action.  For these reasons, the undersigned's alleged delay in addressing plaintiff's request for subpoenas did not impact plaintiff's ability to serve defendants with timely discovery.

Moreover, on July 28, 2021, the undersigned informed plaintiff that he could not obtain discovery from defendants through subpoenas.  The Discovery and Scheduling Order, filed September 30, 2021, cited the relevant Federal Rules of Civil Procedure regarding discovery.  (ECF No. 105 at 5.)  Despite these advisements, plaintiff requested additional subpoenas for defendants and apparently failed to serve defendants with proper discovery requests.

Although the trial is not imminent and the undersigned did not ask defendants to respond to the pending motion, the undersigned denies plaintiff's request to reopen discovery on the grounds that plaintiff did not act diligently.  As discussed above, plaintiff failed to serve defendants with timely and proper discovery requests despite clear advisement from the court regarding discovery procedures.  As discussed above, the undersigned's alleged delay in addressing plaintiff's requests for subpoenas did not impact plaintiff's ability to serve defendants with timely discovery requests.  For these reasons, plaintiff's request to reopen discovery is denied.

Plaintiff's Motion to Compel (ECF No. 134)

Plaintiff filed the motion to compel on April 13, 2022.  (ECF No. 134.)  Plaintiff contends that on March 25, 2022, the undersigned approved defendants' request to modify the scheduling order and extended the discovery deadline by sixty days.  (Id. at 1.)  Plaintiff requests that defendants be ordered to provide him with various documents.  (Id. at 1-4.)

////

1    On April 21, 2022, defendants Vaughn and Smith filed an opposition to plaintiff's motion

2  to compel.  (ECF No. 135.)  Defendants correctly observe that on March 25, 2022, the

3  undersigned granted their request to modify the scheduling order and reset the dispositive motion

4  deadline for sixty days after the court ruled on the pending motion for judgment on the pleadings.

5  (See ECF No. 128.)  The undersigned did not extend the discovery deadline.  In the opposition,

6  defendants also contend that plaintiff failed to serve them with the proposed discovery requests

7  contained in the motion to compel.

8    In his reply to defendants' opposition, plaintiff claims that he served defendants with the

9  discovery requests addressed in the motion to compel.  (ECF No. 137.)  Plaintiff appears to claim

10  that he served these requests on attorney Jill Nathan.  (Id. at 1-2.)  Attorney Jill Nathan

11  represented defendant Soltanian-Zadeh who is dismissed from this action.

12    Plaintiff's motion to compel is denied as untimely because it was filed after the January

13  28, 2022 discovery deadline.

14    Accordingly, IT IS HEREBY ORDERED that:

15    1.  Defendant Soltanian-Zadeh's motion to compel (ECF No. 118) is vacated;

16    2.  Plaintiff's request to reopen discovery, contained in his objections (ECF No. 130), is

17        denied;

18    3.  Plaintiff's motion to compel (ECF No. 134) is denied.

19  Dated:  June 22, 2022

20

21                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE
22

23

24
    Shock1948.com(2)
25

26

27

28

                                          5